**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| **JINLONG HOLDING TRADING CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**<br><br>**Defendants**. | **Case No.: 26-cv-26-11965**<br><br>**JURY TRIAL DEMAND** |

**VERIFIED COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff JINLONG HOLDING TRADING CO., LTD. ("Plaintiff"), by and through undersigned counsel, brings this action against the defendants identified on Schedule A (collectively, "Defendants") for infringement of U.S. Design Patent No. D1,074,223 S under 35 U.S.C. § 271, and alleges as follows:

**INTRODUCTION**

1. Plaintiff owns U.S. Design Patent No. D1,074,223 S (the "'223 Patent"), which claims the ornamental design for a tripod easel stand as shown and described in the patent. Defendants operate Amazon storefronts through which they advertise, offer for sale, sell, and/or import tripod easel stands that, from the viewpoint of an ordinary observer, embody the same overall ornamental appearance as the patented design.

2. This action concerns three Amazon storefronts identified by unique Seller Store IDs and the accused ASINs listed on Schedule A. Plaintiff's pre-suit investigation identified

similarities in the accused listings' depicted component arrangements and advertised dimensions and configurations, as detailed in paragraphs 16–19 and Exhibit B. The significance of those similarities to the products' source is addressed in paragraph 20.

3. Plaintiff seeks injunctive and monetary relief sufficient to stop continuing infringement and to preserve the evidence and remedies necessary to adjudicate its patent rights.

**THE PARTIES**

4. Plaintiff JINLONG HOLDING TRADING CO., LTD. is a Hong Kong company engaged in the design, manufacture through an authorized factory, marketing, and sale of tripod easel products. Its principal place of business is at FLAT/RM 1605, Ho King Commercial Centre, 2-16 Fa Yuen Street, Mongkok, Kowloon, Hong Kong, China. Jinlong has used Shaoxing Gino Aluminum Products Co., Ltd. as its authorized factory for the tripod easel product embodying the design claimed in the '223 Patent, and Jinlong markets and sells authorized tripod easel products through legitimate commercial channels, including online marketplaces.

5. Plaintiff owns all right, title, and interest in the '223 Patent. The '223 Patent issued on May 13, 2025, identifies Plaintiff as the assignee, and claims "[t]he ornamental design for a tripod easel stand, as shown and described." Plaintiff has displayed the '223 Patent number in its authorized online product listing to provide notice of its patent rights. A true and correct copy of the '223 Patent is attached as Exhibit A.

6. The defendants are the Amazon storefront operators identified on Schedule A by seller name, unique Seller Store ID, and accused ASIN. Plaintiff identifies Defendants using these marketplace identifiers because they reliably distinguish the storefronts and accused listings at issue. Plaintiff will amend or supplement identifying information if discovery establishes additional legal names or operating entities.

7. Upon information and belief, Defendants are foreign e-commerce merchants that conduct U.S.-facing sales through Amazon.com and direct accused products to consumers throughout the United States.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271. Plaintiff seeks remedies available under 35 U.S.C. §§ 283, 284, 285, and 289.

9. Each Defendant operates a U.S.-facing Amazon storefront that prices products in U.S. dollars and is configured to accept orders for the accused products for delivery to Illinois. Before filing this action, Plaintiff confirmed through the accused listings and checkout process that the accused products offered by each Defendant were available for purchase and delivery to an Illinois address. Representative evidence is contained in Exhibit B.

10. On September 27, 2026, Plaintiff placed a test order through Amazon for the accused product offered by Defendant No. 2, for delivery to an Illinois address. Amazon issued an Order Summary identifying the accused product, Defendant No. 2 as the seller, the Chicago, Illinois shipping destination, and the transaction amount. A copy of that order record is included in Exhibit B.

11. Exhibit B includes checkout screens reflecting proposed purchases for delivery to an Illinois address from Defendants Nos. 1 and 3. Those screens demonstrate availability for Illinois delivery, rather than completed transactions. Records of any completed Illinois sales by those Defendants, including the products sold and shipping destinations, are maintained principally by Defendants and Amazon and are not publicly available before suit.

12. Each Defendant has therefore purposefully directed commercial activity toward the United States and Illinois in connection with the accused products, and Plaintiff's claims arise out of or relate to those U.S.- and Illinois-directed activities.

13. In the alternative, as to any foreign Defendant that is not subject to jurisdiction in any State's courts of general jurisdiction, Plaintiff invokes Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal patent law, and each such Defendant has purposefully directed commercial activity toward the United States through the accused Amazon listings, which offer the accused products for purchase and delivery to U.S. consumers. Plaintiff's claims arise out of or relate to those activities. As to each such Defendant, exercising jurisdiction based on its contacts with the United States as a whole is consistent with the United States Constitution and laws.

14. Upon information and belief, each Defendant is not resident in the United States. Venue is therefore proper as to each Defendant under 28 U.S.C. § 1391(c)(3).

## DEFENDANTS' ACCUSED PRODUCTS AND COMMON TRANSACTIONAL NEXUS

15. Plaintiff conducted a pre-suit investigation of the accused Amazon storefronts and preserved screenshots of each accused ASIN. Exhibit B contains the accused listings and related transaction evidence. Every accused ASIN identified on Schedule A is represented in Exhibit B.

16. The accused listings depict highly similar tripod easel stands sharing a specific combination of structural and ornamental features, including a collapsible three-leg frame, telescoping leg sections and locking mechanisms, a central adjustable mast, an elongated perforated painting tray, an upper canvas-retaining assembly, an under-tray hook, and corresponding support and foot components.

17. The accused products are also advertised within substantially overlapping dimensions and configurations. Defendant No. 1 advertises an adjustable easel approximately 20 to 61 inches in height; Defendant No. 2 advertises substantially the same form factor in multiple color variants; and Defendant No. 3 advertises multiple color variants of the same general 20-to-61-inch commercial configuration.

18. The overlap is especially specific as between Defendants Nos. 2 and 3. Their listings depict substantially corresponding component layouts and identify substantially the same component set, including spring-buckle or locking hardware, a clip-on or upper retaining head, spirit level, manual height-adjustment hardware, painting support, middle support, paint tray, gusset or brace elements, hook, and foot pads. The listings further present multiple color variants of the same underlying configuration.

19. Defendant No. 1's accused product is depicted with a tray-and-mast arrangement, telescoping legs, an upper retaining assembly, and a folding configuration, and is advertised with the height range identified in paragraph 17. These features overlap with features shown or described in the other Defendants' listings, although the depicted configurations are not identical. The component layouts depicted in Defendants Nos. 2 and 3's listings correspond more closely, as described in paragraph 18**.**

**20.** The similarities described above suggest the possibility of a common supplier, but Plaintiff has not established whether Defendants obtain their accused products from the same source. Plaintiff does not allege confirmed common ownership, communications, or coordinated conduct among Defendants.

**21.** Plaintiff requests that the Court consider the specific product similarities described above in determining whether joinder satisfies 35 U.S.C. § 299(a) and Federal Rule of

Civil Procedure 20(a)(2). If the Court determines that the required transactional connection is insufficiently alleged, Plaintiff requests severance under Federal Rule of Civil Procedure 21 rather than dismissal of the action for misjoinder.

**DEFENDANTS' INFRINGING CONDUCT**

22. Defendants have advertised, offered for sale, sold, and/or imported the accused tripod easel stands identified on Schedule A. The accused product images preserved in Exhibit B depict the ornamental appearance on which Plaintiff's infringement allegations are based.

23. The '223 Patent includes fourteen drawing sheets showing the claimed design from perspective, front, rear, side, top, bottom, and folded views. The patent states that broken lines depict portions that form no part of the claimed design. See Exhibit A.

24. When the accused products shown in Exhibit B are compared with the claimed design as a whole, the overall visual impression is substantially the same from the perspective of an ordinary observer familiar with the prior art. Plaintiff's infringement allegations concern the overall ornamental appearance of the portions shown in solid lines, including their shapes, proportions, and arrangement, rather than the mere presence of components serving the same functions. Features shown in broken lines form no part of the claimed design and are not asserted as independently protected features.

25. Plaintiff has not authorized Defendants to make, use, offer for sale, sell, or import products embodying the patented design.

26. Defendants' unauthorized commercial activity has interfered with Plaintiff's exclusive patent rights and has caused and threatens continuing injury, including lost sales, loss of market exclusivity, price pressure, and impairment of Plaintiff's ability to control exploitation of the patented design.

COUNT I
INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,074,223 S
(35 U.S.C. § 271)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Each Defendant has, without authority, offered to sell within the United States the accused products identified for that Defendant on Schedule A during the term of the ’223 Patent. Those offers infringe the ’223 Patent within the meaning of 35 U.S.C. § 271(a). Plaintiff also alleges, on information and belief, that each Defendant has sold the accused products within the United States during the patent’s term through its Amazon storefront.

29. The accused products shown in Exhibit B are substantially the same in overall ornamental appearance as the design claimed in the ’223 Patent, such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived into purchasing the accused design supposing it to be the patented design.

30. As a direct and proximate result of Defendants’ infringement, Plaintiff has suffered and continues to suffer injury for which Plaintiff is entitled to damages adequate to compensate for infringement under 35 U.S.C. § 284 and, as applicable to the patented design, each Defendant’s total profit from the relevant article of manufacture bearing the infringing design under 35 U.S.C. § 289, without duplicative recovery for the same infringement.

31. Plaintiff is also entitled to injunctive relief under 35 U.S.C. § 283 because Defendants’ ongoing offers for sale and sales threaten continuing infringement and injury for which monetary relief alone may be inadequate.

32. Plaintiff seeks enhanced damages under 35 U.S.C. § 284 only to the extent the evidence establishes willful infringement and circumstances warranting enhancement. Actual

notice of the ’223 Patent and this action, together with a Defendant’s subsequent conduct, may bear on that determination, but continued sales after notice are not alleged to establish willfulness automatically. Plaintiff reserves the right to amend its willfulness allegations as discovery develops.

33. Plaintiff further reserves the right to seek a determination that this case is exceptional under 35 U.S.C. § 285 if the facts and litigation conduct support such relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendants as follows:

A. Entering judgment that Defendants have infringed U.S. Design Patent No. D1,074,223 S;

B. Temporarily, preliminarily, and permanently enjoining Defendants and their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of the injunction from making, using, offering for sale, or selling within the United States, or importing into the United States, the accused products identified on Schedule A that the Court determines satisfy the applicable standard for injunctive relief, together with products no more than colorably different from those products that also infringe the ’223 Patent, with the prohibited conduct and covered products specifically described in the injunction;

C. Awarding Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty, together with interest and costs;

D. Awarding Plaintiff each Defendant's total profit from the relevant article of manufacture bearing the infringing design under 35 U.S.C. § 289 to the extent available, without duplicative recovery under § 284 for the same infringement;

E. Awarding enhanced damages under 35 U.S.C. § 284 to the extent willful infringement is proven;

F. Declaring this case exceptional under 35 U.S.C. § 285 and awarding reasonable attorneys' fees if the statutory standard is satisfied;

G. Awarding pre-judgment and post-judgment interest as permitted by law; and

H. Awarding such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 28, 2026

Respectfully submitted,

/s/ Alexander Warden
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, Suite 400
New York, NY 10018
Attorney for Plaintiff,
JINLONG HOLDING TRADING CO., LTD.

## VERIFICATION

I, Qian Tao, am the General Manager of Plaintiff JINLONG HOLDING TRADING CO., LTD. I have read the foregoing Complaint and know the contents thereof. The matters stated in it are true to my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September _29__, 2026, at Hong Kong, China.

__________QIAN TAO_________________
Qian Tao
General Manager
JINLONG HOLDING TRADING CO., LTD.